83,241-01

# IN THE COURT OF CRIMINAL APPEALS
## AUSTIN TEXAS

| | | |
|---|---|---|
| **EX PARTE** | } | **CAUSE # 2003-1272-C** |
| | } | |
| | } | **54TH DISTRICT COURT** |
| | } | |
| **JASON LEE SCONCE**<br>**Petitioner** | } | **MCLENNAN COUNTY, TEXAS** |

## Rebuttal
## To findings of Facts and conclusions of law

To The Honorable Judge of said Court:

Comes Now <u>Jason Lee Sconce</u> hereafter for the Courts convenience referred to as Petitioner and respectfully submits this Rebuttal in accordance with the 14th Amendment of The United States Constitution. Petitioner will now demonstrate the following;

## I
## Case History

On <u>2-24-15</u>, Petitioner submitted an 11.07 Writ of Habeas Corpus challenging (6) six errors of the Trial Court.

On <u>3-16-15</u>, The Trial Court issued a Designation of Issue on the claim of Ineffective Assistance of Counsel.

The Trial Court Ordered counsel to submit an Affidavit by <u>4-10-15</u>, Counsel did not meet this deadline or if Counsel did meet this deadline the Court did not accept the Affidavit.

On 4-24-15, The Trial Court issued a Show Cause Order for Counsel to appear in the Court by 5-1-15, and answer why Counsel did not file an Affidavit by 4-10-15 deadline.

Petitioner's family new that Counsel was in Court on several occasions and had no excuse for not missing the deadline.

Petitioner family members contacted the Texas Bar Association and advised them of the situation of Counsel. The Bar Association gave Petitioner's family the P.O. Box address of Counsel and advised Petitioner's family to send a certified letter explaining their grievance (Attached)

Counsel would not accept the certified letter on 4-24-15. Petitioner family called Counsel's Office and spoke to the Secretary and advised the Secretary to have Attorney Ray Black to pick up the letter from the Post Office, or a grievance would be filed against him, because they had been trying to contact Attorney Ray Black from 4-24-15 to 4-28-15.

On 4-29-15, the next day Counsel picked of the certified letter from the Post Office. The same day Counsel submitted a two page Affidavit, of complete Perjury on Attorney Ray Blacks behalf. Petitioner's Family told the Texas Bar Association that they are going to file a grievance on Attorney Ray Black.

Petitioner strongly feels that the Affidavit from Attorney Ray Black was established by Perjury and some form of misconduct from the District Attorney and the Judge.


## II

## Rebuttal

## Of Counsel Affidavit


Petitioner alleged that, 1) Counsel did not file for Continuance 2) Counsel did not request a competency hearing and 3) Counsel did not tell Petitioner he had an absolute right to Appeal after the Trial Judge stated he would not Appoint Petitioner a Counsel.

Petitioner Counsel Ray Black stated;

"On the morning of the hearing Mr. Sconce appeared at my Office stating that he had been to the emergency room and was ill from the Flu and had been advised to not to be in Court. He gave me some Medical Documents and advised that he was going home and asked if I could get the court postpone the case to a later date. He appeared to be ill but aware of the

circumstances and questioned me regarding whether the Court would postpone the case, and I advised that I did not <u>believe</u> so."

"He refused to accompany me to Court and asked that I appear in his absence and request a postponement."

"I appeared in Court and offered the medical documents and orally requested a continuance, and was told to contact my client and have him appear, which I did."
"Although Mr. Sconce <u>appeared</u> to be ill with flu like symptoms. I observed nothing about him that would indicate to me that he was not competent enough to participate in the hearing."
"After the Judgment was entered, I filed a Motion to Withdraw as Counsel so that Mr. Sconce could obtain a court appointed Counsel for an Appeal but Mr. Sconce opted to wave Appeal contrary to my advice not to do so."


First of all Mr. Ray Black is committing Perjury to this Honorable Court which can be supported by the records and witnesses.
Mr. Ray Black stated in his Affidavit that Petitioner looked ill from the Flu and refused to accompany him to Court asking Counsel Ray Black to appear in his absence.
The Trial Transcripts will clearly demonstrate that Mr. Ray Black told Petitioner was not capable of coming to the hearing and the Judge told Mr. Ray Black (bluntly) he didn't care get Petitioner in the court now.
In December Mr. Ray Black returned a phone call from Petitioners wife before the Writ was filed and told Petitioners wife he gave the medical documents to the Judge and the Judge stated he didn't care. (This phone conversation can be retrieved from the phone Company with an Order from the Court)
More so, if this Honorable Court observes the Transcripts on 5-29-13, when Petitioner first entered the Court, the Judge immediately revoked Petitioners Bond and Counsel Ray Black told the Judge that it was his fault he (Ray Black) told the Petitioner to go home. (But in Mr. Ray Blacks Affidavit he stated Petitioner refused to follow him to court) if the Court would further observe the transcripts on May 29, 2013 at approximately 1:15pm Mr. Ray Black clearly asked the Judge for a continuance and presented him with the Medical Documents and told the Judge he personally seen Petitioner and Petitioner was not incoherent and the Judge stated he didn't

care get Petitioner in the Court immediately. (In Mr. Ray Blacks Affidavit he stated Petitioner showed no signs of incompetency)

Mr. Ray Black Stated in his Affidavit that he submitted a Motion to Withdraw as Counsel in Order for Petitioner to Obtain a Court Appointed Counsel but Petitioner opted to waive the Appeal contrary to his advice. The records will reflect Petitioner wanted an Appeal, why would a counsel withdraw from a case after the conviction of his client said he didn't want an Appeal. This form of conduct does not occur, counsel would have just simply gave Petitioner a waiver of an Appeal that day and been free of the case. However, (3) weeks later Ray Black brought Petitioner a Waiver of Appeal with some other papers to sign in the McLennan County Jail alone not in the presence of the Judge, and if Mr. Ray Black submitted such a Motion to withdraw what happened to it? It was not on file when Petitioners family tried to obtain the Records and if it was on file it would have stated why Counsel wanted to withdraw and would have automatic presented a Notice of Appeal and Petitioners wish to have a court appointed Appeal Counsel. Furthermore, if Counsel filed a Motion to Withdraw because he wanted Petitioner to have a Court Appointed Lawyer then logic would dictate that Counsel and Petitioner had a conversation prior to the Filing of the Motion to Withdraw, because counsel was retained and counsel had to know Petitioner wanted to Appeal and could not afford a Lawyer. The fact of the case is that Counsel told Petitioner that he did not do Appeals and the Trial Judge refused to Appoint Petitioner a Counsel and Counsel even called Petitioners family to see if they could afford a colleague of his, and when Petitioner's family stated "NO they couldn't " counsel finally brought a waiver to the Jail.

Petitioner never entered the Court after his conviction on 5-29-13. All signed paperwork was brought to the County Jail by Petitioner's Counsel Ray Black.

Mr. Ray Black submitted a Perjury Affidavit to the Court which in all things still demonstrated his ineffectiveness. Counsel said he verbally asked the Judge for a continuance and was denied. Counsel did not object or Appeal the response, counsel stated in his Affidavit Petitioner seemed ill with what he called flu like symptom but never did what any competent Lawyer would do and that would be to communicate with their client and ask for some form of competency hearing. This was the entire purpose of even asking the Judge for a continuance.

Counsel stated that Petitioner waived Appeal contrary to his advice. Even if that would be the case Counsel eluded the issue of the reason such Appeal was waived was that the Judge said he was not going to appoint Petitioner a Court Appointed Lawyer.

Petitioner strongly feels there exist some form of misconduct conducted by the Trial Court and Counsel. Petitioner submitted (6) six Errors, one of the primary error exist is the Judge abusing his Authority by informing Petitioner that he would not appoint him a Counsel, because he the Judge felt Petitioner could retain a Lawyer. Petitioner also stated that the Judge was extremely bias and hostile and was prejudice and had a pre determined verdict.

Counsel constructively eluding all the questions making the Fact Finding process of little effect. The Trial Court Just Literally did not respond to the other (5) five Errors leaving the decision to the Honorable Court of Criminal Appeals.

Petitioner has no idea how the District Court could conclude Counsel Affidavit as true when the Judge and Prosecutor know the truth, The Fact Finding Process of V.A.C.C.P. art. 11.07 is govern for the Trial Court to discover the Truth of an Issue not cover their mistakes with deception and manipulation. Petitioners is contending that in all this Honorable Court reverse and remand this case back to the Trial Court for appropriate Remedies.

Attached is a copy of the Court Docket Sheet.

Respectfully Submitted

Jason Lee Sconce

T.D.C.J. – ID # 01884605

Stevenson Unit

1525 F.M. 766

Cuero, Texas 77954

## Unsworn Declaration

I, Jason Lee Sconce being of sound mind do hereby give my solemn oath under the Pentaly of Perjury that I am the Petitioner in this Rebuttal to the states Finding of Facts and all information there in is true and correct to the best of my knowledge.

## Affidavit

I Jason Lee Sconce do hereby certify that a true and exact copy of this Rebuttal to the State Finding of Facts was mailed _____ *MAY* _____ day of _____ *13* ___ , 2015.

CAUSE NO: 20031272C2    FILE DATE: 12/16/2003 STATE OF TEXAS VS SCONCE,JASON LEE
OFFENSE: IND W/CHLD 2CT                             DA: MANSKE,LAURIE

| Date | Entry |
|------|-------|
| 4/17/2009 | LETTER TO ATTY REGARDING EVIDENCE DESTRUCTION |
| 12/20/2011 | ORDER AMENDING CONDITIONS OF DEFADJ PROBATION |
| 12/20/2011 | COPY OF ORDER AMENDING DEL TO SHERIFF AND DEFT BY APO |
| 11/13/2012 | VIOLATION REPORT WORKSHEET |
| 2/27/2013 | MOTION & ORDER FOR PROBATION ADJUDICATION HEARING |
| 2/27/2013 | CAPIAS ISSUED & DELIVERED TO SHERIFF |
| 2/27/2013 | VIOLATION REPORT WORKSHEET |
| 3/07/2013 | BAIL BOND IN THE SUM OF $150,000 (BUTLER BAIL BONDS,WENDELL SEITZLER - 3/6/2013) |
| 3/12/2013 | CAPIAS RETURNED AND FILED SHOWING SERVICE ON SCONCE,JASON LEE ON 3/06/2013 ** SERVED TO SAME ** BY SHERIFF COUNTY OF MCLENNAN,TX |
| 3/13/2013 | (SO FEES BILLED IN THE SUM OF $55) |
| 4/03/2013 | LETTER OF REPRESENTATION - ATTY R.BLACK |
| 4/11/2013 | STATE SUBPOENA APPLICATION |
| 4/16/2013 | DEFENSE SUBPOENA APPLICATION |
| 4/16/2013 | STATE SUBPOENA & RTN FOR R FANNING SVD 4/15/13 |
| 4/18/2013 | STATE SUBPOENA & RTN FOR K. TORRES SVD 4/12/13 |
| 4/18/2013 | STATE SUBPOENA & RTN FOR S. DAVIDSON SVD 4/12/13 |
| 4/18/2013 | STATE SUBPOENA & RTN ON L SCONCE SVD 4-12-13 |
| 4/18/2013 | STATE SUBPOENA & RTN ON M STRAIN SVD 4-12-13 |
| 4/18/2013 | STATE SUBPOENA & RTN ON C WOOD SVD 4-12-13 |
| 4/22/2013 | DEFENSE SUBPOENA RETURNED ON F WILLOUGHBY UNEXECUTED |
| 5/16/2013 | STATE SUBPOENA APPLICATION |
| 5/16/2013 | STATE SUBPOENA APPLICATION |
| 5/20/2013 | STATE SUBPOENA & RTN FOR B SIEGMAN SVD 5/20/13 |
| 5/20/2013 | STATE SUBPOENA C WOOD UNSERVED |
| 5/20/2013 | STATE SUBPOENA & RTN FOR R. FANNING SVD 5/20/13 |
| 5/20/2013 | STATE SUBPOENA & RTN FOR S. DAVIDSON SVD 5/20/13 |
| 5/20/2013 | STATE SUBPOENA & RTN FOR K. TORRES SVD 5/20/13 |
| 5/20/2013 | STATE SUBPOENA & RTN FOR M. STRAIN SVD 5/20/13 |
| 5/21/2013 | STATE SUBPOENA & RTN FOR F WILLOUGBY SVD 5/20/13 |
| 5/23/2013 | JUDGE'S WORK PRODUCT |
| 6/20/2013 | JUDGMENT ADJUDICATING GUILT & SENTENCE (18 YRS TDCJ) CT I |
| 6/20/2013 | JUDGMENT ADJUDICATING GUILT & SENTENCE (18 YRS TDCJ) CT II |
| 6/20/2013 | WAIVER OF APPEAL |
| 6/20/2013 | TRIAL COURT'S CERT OF DEFT'S RIGHT OF APPEAL DTD 6/13/13 |
| 6/20/2013 | TRIAL COURT'S CERT OF DEFT'S RIGHT OF APPEAL DTD 6/20/13 |
| 6/24/2013 | COMMITMENT ISSUED & DEL TO SHERIFF |
| 7/02/2013 | C\C OF J&S ADJUDICATING MAILED TO DEFT AT MC JAIL\\ |
| 10/31/2013 | J&S MAILED TO INMATE TRUST\\ |
| 10/24/2014 | CMT & RTN SVD 10/23/13 |
| 11/25/2014 | PETITION FOR AN OUT OF TIME APPEAL PRO SE |
| 11/26/2014 | C/DOCKET SHEET & PETITION FOR AN OUT OF TIME APPEAL DEL TO 54TH FOR RULING |

FILED 2015 JAN 21 PH 3:05 JON R. GIMBLE DISTRICT CLERK MCLENNAN CO. TX. DEPUTY

1/21/2015   No response



1 6 1 5 7 4 1 2 1

# AFFIDAVIT

I swear or affirm to the best of my knowledge the information listed below is true, complete , and correct in regards to my son Jason Lee Sconce on May 12, 2015

This affidavit is in response to the affidavit of Mr. Ray Black dated April 29, 2015:

Mr. Black stated that Jason appeared at Mr. Black's office on May 29, 2013, and that *Jason* handed him the medical papers from the ER that Jason had received the morning of May 29, 2013, stating that he had been at the ER all morning and the doctors findings of that stay. Mr. Black also stated that *Jason* refused to accompany him to court that morning and stated that *Jason* ask Mr. Black to appear in his absence and have Mr. Black ask for a postponement.

I, along with his wife Mary, was with Jason that morning after Jason left the ER (of which Jason was not able to drive due to the nausea, dizziness, and medication given at the ER)…when we left the ER Mary was instructed by Mr. Black to bring the paperwork by his office…Mr. Black had told Mary to be sure to get paperwork from the ER stating that he had been in the ER that morning and their findings and to be sure the paperwork was signed by the doctor…of which she had received all of that information from the ER. When we arrived at Mr. Black's office (around 11:45 or 12:00) Mr. Black was standing outside his office (smoking a cigarette because he can't smoke in his office) waiting on the paperwork from the ER because he was in a hurry to get it to the court house since court was to be held at 1:30. Jason DID NOT get out of the car….Jason DID NOT speak with Mr. Black…..Jason was in the car drossy due to the medication he had just received in the ER….MARY got out of her car and handed this paperwork to Mr. Black and he told her he would try to get it postponed since the report from the ER stated for Jason to go home….not to go to work or court for 48 (forty eight) hours. Mr. Black told Mary for us to go home and *he would contact us* as soon as he found out the information. We did as told. On the way home from Mr. Black's office Mary and I ask Jason about eating lunch or something just in case he did have to go to court. He said there wasn't anyway he could keep anything on his stomach …that he just wanted to go home and lay down and try to sleep (he had not slept any the night before due to the nausea) . Around 1:00 or 1:15 we still had not heard from Mr. Black informing us if court was going to be postponed or what he had found out. At this time I ask Mary to call Mr. Black to see what he had found out as it was pouring rain and if there was not going to be court I needed to leave Waco as I live in Decatur, TX and was wanting to get home before rush hour traffic . When Mary called Mr. Black, he told her to tell Jason to get his "A--" up there as court was going on as scheduled. If Mary had not called when she did (since we had not heard from Mr. Black) Jason would have really been in trouble with the Judge. Mr. Black has also stated that Jason appeared competent to participate in the court proceedings….Jason was still nauseated, dizzy, and was not feeling good.

Mr. Black has stated that Jason did not want to appeal the decision...Jason told me he was coerced into signing the wavier to appeal due to the fact Mr. Black stated the Judge would not assign a court appointed attorney since Jason had been able to afford Mr. Black previously.

Also, Mr. Black called Mary on about June 17 wanting her to take Jason some papers to sign and she was confused about what Mr. Black was wanting. She ask my husband to call Mr. Black. My husband called Mr. Black and left a message for him to return the call. When Mr. Black called back we (I was on the phone as well) ask Mr. Black why he could not take the papers for Jason to sign instead of Mary (who would have to make a special trip to Waco because at the time she lived in Decatur with us) and "He laughed and said OH, I guess I could" . He also stated that the Judge wanted Jason to appear in court again and we ask Mr. Black why and Mr. Black said he didn't know and he had never been ask that before in his 30+ years of practice... and my husband ask Mr. Black to ask the judge why he needed Jason back in court and Mr. Black replied "the Judge would just say appear and find out"...Mr. Black never told Jason about the Judge wanting him back in court nor did he take him to court as the Judge requested .

Should you need other information from me please feel free to contact me.

_5/13/15_
Date



Chris Sconce
P O Box 775
Decatur, TX 76234
817/980/8323 Mobile
940/624/5075 Home

State of Texas
County of Wise

I, the undersigned Notary Public, do hereby affirm that Chris Sconce personally appeared before me on ___13th___ day of May, 2015, and signed the above Affidavit as her free and voluntary act and deed.

_6/2/15_
Commission Expires

Notary Public

AMBER WALKER
MY COMMISSION EXPIRES
June 2, 2018